

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7432 | **DATE** | 1/17/2002 |
| **CASE TITLE** | Baresic vs. Ashcroft et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Respondents' motion (Doc 4-1) to dismiss is granted. Baresic's petition for habeas corpus is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 1 8 2002 date docketed | 8 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED-ED3 | | |
| SCT | courtroom deputy's initials | 02 JAN 17 AM 8:28 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| BRANKO BARESIC,<br>A 30 366 691,<br><br>Petitioner,<br><br>vs.<br><br>JOHN ASHCROFT, as Attorney General of the<br>United States, and BRIAN R. PERRYMAN,<br>as District Director of the IMMIGRATION AND<br>NATURALIZATION SERVICE ("INS"); and<br>the UNITED STATES OF AMERICA,<br><br>Respondents. | 01 C 7432 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the court on Respondent's motion to dismiss Petitioner Branko Baresic's ("Baresic") petition for habeas corpus. For the following reasons, the motion to dismiss is granted.

## BACKGROUND

Baresic, a native of Yugoslavia, was admitted to the United States on September 12, 1971 as a lawful permanent resident when he was less than two years old. Baresic's mother became a United States citizen on February 5, 1987 when Baresic was seventeen years old. His father is a lawful resident alien.



Baresic has a history of criminal convictions. On May 31, 1991, Baresic was convicted of criminal recklessness in violation of Indiana law, for which he was sentenced to one and one half years of imprisonment. On March 6, 1996, Baresic was convicted of one charge of burglary in violation of Indiana law, for which he was sentenced to three years incarceration. At that time, he was also convicted of another charge of burglary for which he received a sentence of eight years incarceration. Additionally, he was sentenced to two years incarceration in the Illinois Department of Corrections.

In June 1999, the Immigration Service initiated removal proceedings against Baresic by serving him with a Notice to Appear, charging that he was deportable as an aggravated felon for his burglary conviction pursuant to 8 U.S.C. § 1101(a)(43)(G) of the Immigration and Nationality Act, and because he was deportable for his convictions for crimes involving moral turpitude pursuant to 8 U.S.C. § 1227(a)(2)(A)(i)(I),(II). On June 5, 2000, an immigration hearing was held and Baresic was found removable as charged. The immigration judge further found that Baresic was not eligible to apply for any forms of relief from deportation because of his criminal convictions. Baresic was, therefore, ordered removed.

Baresic subsequently filed an appeal of this decision with the Board of Immigration Appeals ("BIA") and on January 31, 2001, the BIA dismissed the appeal, affirming the immigration judge's decision. Baresic did not seek further review of this order in the Seventh Circuit Court of Appeals. Upon the completion of Baresic's criminal sentence, the Immigration Service sought to remove Baresic from the United

States on September 13, 2001. On September 17, 2001, Baresic filed a motion to reopen before the BIA. Baresic filed this habeas corpus petition on September 26, 2001. The BIA denied his motion to reopen on November 14, 2001.

## DISCUSSION

Baresic argues that, under the Child Citizenship Act of 2000, 8 U.S.C. § 1431, as amended by Pub.L.No. 106-395, 114 Stat. 1631 ("Child Citizenship Act"), he is a citizen of the United States and, therefore, he cannot be deported as an alien. Specifically, Baresic claims that he meets the requirements for automatic citizenship set forth in section 322 of the Immigration and Nationality Act, 8 U.S.C. § 1433(a) ("section 322").[1] He argues that section 322 applies retroactively to confer automatic citizenship upon individuals who were under the age of eighteen when one of their

---

[1] 8 U.S.C. § 1433(a) provides in pertinent part:
A parent who is a citizen of the United States may apply for naturalization on behalf of a child born outside of the United States who has not acquired citizenship automatically under section 320. The Attorney General shall issue a certificate of citizenship to such parent upon proof to the satisfaction of the Attorney General, that the following conditions have been fulfilled:
  (1) At least one parent is a citizen of the United States, whether by birth or naturalization.
  (2) The United States citizen parent –
    (A) has been physically present in the United States...or;
    (B) has a citizen parent who has been physically present....
  (3) The child is under the age of eighteen years.
  (4) The chid is residing outside of the United States in the legal and physical custody of the citizen parent, is temporarily present in the United States pursuant to a lawful admission, and is maintaining such lawful status.

parents became a naturalized citizen. The government disagrees with Baresic's interpretation of section 322 and argues that section 322 only confers citizenship upon children who are under eighteen and meet the other requirements in the provision on or after the Child Citizenship Act's effective date of February 27, 2001.[2]

Agreeing with the government, this court finds that section 322 of Title I of the Child Citizenship Act applies only to alien children who satisfy the statutory conditions for citizenship, including being under eighteen years of age, on or after its effective date of February 27, 2001. Nehme v. INS, 252 F.3d 415 (5th Cir. 2001); and Hughes v. Ashcroft, 2001 WL 699357 (9th Cir. 2001); Matter of Rodriguez-Tejedor, Interim Dec. 3454, (BIA July 24, 2001); 8 C.F.R. § 322.2 (2001). The express language of the statute supports this conclusion. Written in the present tense, the statute requires that the child "*is* under the age of eighteen years." 8 U.S.C. § 1433(a)(3) (emphasis added). In addition, the enactment provision of the Child Citizenship Act limits its applicability to those "who satisfy" its requirements "as in effect on such effective date." The Act's effective date is February 27, 2001. Child Citizenship Act of 2000, SEC. 104, EFFECTIVE DATE. These provisions, when read together, require that the child be under eighteen on or after February 27, 2001. Nehme, 252 F.3d at 431-32; Hughes, 255 F.3d at 759.

---

[2] The government also argues that, under 8 U.S.C. § 1252(a), this court does not have jurisdiction to entertain Baresic's habeas petition. While that provision places certain limitations on judicial review of a final order of removal, this court may review a habeas petition when there is, as in this case, an issue as to whether the petitioner is an alien. 8 U.S.C. § 1252(e)(2)(A); see also INS v. St. Cyr, 533 U.S. 289 (2001).

Additionally, neither section 322 nor its effective date provision include a provision stating that the law should be applied retroactively. This is in contrast to the effective date provisions contained in Title II of the Child Citizenship Act, which expressly provide that certain amendments relating to aliens who voted in this country under the reasonable belief that they were United States citizens shall be effective as if they had been enacted in 1996. Nehme, 252 F.3d at 432. If Congress intended section 322 to have a retroactive effect, Congress would have expressly stated as much in section 104 as it did with the amendments in Title II. Id. Congress's exclusion of such language in section 322 indicates that it did not intend section 322 apply retroactively.

Given that this court has decided that the Child Citizenship Act only confers automatic citizenship upon those who meet its requirements on or after its effective date of February 27, 2001, the next issue is whether Baresic satisfies these requirements. Baresic is thirty-two years old; he was clearly over eighteen on or after February 27, 2001. Therefore, he is not eligible for citizenship under section 322.

## CONCLUSION

Fore the foregoing reasons, Baresic's petition for habeas corpus is dismissed.

Charles P. Kocoras
United States District Judge

Dated: JAN 17 2002